UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD EDWARD PETERSON,

    Petitioner,

v.                                   Case No. 10-C-132

WARDEN POLLARD,

    Respondent.

## ORDER

On February 17, 2010, Todd E. Peterson filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Winnebago County Circuit Court of first-degree sexual assault of a child as a persistent repeater and was sentenced to life imprisonment. He is currently incarcerated at Green Bay Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims that may entitle him to relief.

Peterson claims his trial counsel provided him ineffective assistance in a number of ways. He contends that his counsel failed to: (1) adequately cross-examine or impeach the victim and

certain other witnesses; (2) explain the benefits of a continuance when a newly discovered "other acts" victim surfaced on the eve of trial; (3) adequately communicate with him; (4) move to suppress an inculpatory statement Peterson made to an off-duty sheriff's deputy; and (5) challenge the charging period. Peterson also claims that the trial court erred by admitting other acts evidence which unfairly prejudiced him.

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). To prove ineffective assistance of counsel, petitioner must show (1) that his attorney's performance was constitutionally deficient, and (2) that the deficient performance of his attorney prejudiced the defense. In light of these principles, Peterson has presented at least a colorable claim for ineffective assistance of counsel. Failing to adequately cross-examine or impeach witnesses may constitute ineffective assistance of counsel. The same is true of counsel's failing to seek suppression of an illegally obtained statement and failing to challenge a legally defective charge. However, counsel's failure to explain the benefits of a continuance or to adequately communicate with him, by themselves, do not state claims for ineffective assistance. Of course, an attorney has a duty to explain things to his or her client and to adequately communicate with the client. But unless the failure to do so is alleged to have resulted in some harm or prejudice, it does not amount to a constitutional violation.

As to Peterson's claim that the trial court erred by admitting evidence of other alleged sexual assaults, habeas relief can also be appropriate if evidentiary rulings were so prejudicial that they compromised the petitioner's due process right to a fundamentally fair trial. *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001). Although the admission of evidence of other sexual assaults by a defendant in a sexual assault trial does not normally violate a defendant's due process rights

2

and is expressly permitted under the Federal Rules of Evidence, *see* Fed. R. Evid. 413, 414, I am unable to say on the record before me that Peterson has no such claim here. Accordingly, he will be allowed to proceed on this claim as well.

In sum, Peterson will be allowed to proceed on his claim of ineffective assistance based on (1) counsel's failure to cross-examine and impeach the victim and other witnesses at trial, (2) counsel's failure to move for suppression of his statement, and (3) counsel's failure challenge the legal sufficiency of the charge. He may also proceed on his claim that he was denied due process and a fair trail as a result of the trial court's ruling permitting the State to introduce evidence of prior sexual assaults. All other claims are dismissed.

Peterson filed with his petition an application for leave to proceed *in forma pauperis*. He also, however, has submitted the $5 filing fee. Because he paid the filing fee, his request to proceed *in forma pauperis* will be denied as moot.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed *in forma pauperis* is denied as moot.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   19th   day of February, 2010.

                                                   s/ William C. Griesbach
                                                   William C. Griesbach
                                                   United States District Judge